UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDRE S. MAYO, SR. | CIVIL ACTION |
| VERSUS | NO: 05-6857 |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY (WCI), ET AL | SECTION: "R" (4) |

### REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment For Failure to Exhaust Administrate Remedies (Rec. Doc. No. 6) filed by the defendants. This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Summary**

The plaintiff, Andre S. Mayo ("Mayo"), is incarcerated in the Washington Correctional Institute ("WCI") in Angie, Louisiana. He filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against the Louisiana Department of Public Safety on behalf of WCI, the WCI medical department and the WCI security department.

Mayo alleges that he was beaten by two inmates on June 21, 2005, while housed in the Wind #2 dormitory. He alleges that, as a result of the altercation, he suffered a broken jaw and extensive nerve damage which makes it difficult for him to open his mouth.

Mayo also complains that he was denied proper medical assistance because the attack occurred while the security sergeant was away from his post. He also claims that he was denied proper dental repair. Mayo concedes in the Complaint that he did not use the Administrative Grievance Remedy Procedure at the prison because he feared retaliation.

He seeks monetary damages for the injury to his jaw and nerves and for the deliberate indifference to his serious medical needs. Mayo also seeks an in camera inspection of his medical records and security records for the date of his injury.

## II.     Summary Judgment Standard of Review

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court's task is not to resolve disputed issues of fact, but to determine whether there exists any factual issues to be tried. *See Andersen v. Liberty Lobby, Inc.*, .477 U.S. 242, 247-49 (1986). In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party. *Id.*, at 248.

However, the non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460 (3d Cir. 1989). The non-moving party cannot survive by relying on

unsupported assertions, conclusory allegations, or mere suspicions. *Id.; see also Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991).

### III.   **Failure to Exhaust Administrative Remedies**

#### A.   **Standard of Review**

Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516 (2002). Therefore, by its very terms, the PLRA applies to the § 1983 claims raised by Mayo.

"'Dismissal under §1997e is made on pleadings without proof.'" *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) (quoting *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)).

According to the Fifth Circuit, "'[a]s long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal.'" *Id.* at 866 (quoting *Underwood*, 151 F.3d at 296). However, the Court has also held that the plaintiff must be given an opportunity to establish exhaustion before a *sua sponte* dismissal is entered. *See Hines v. Texas*, 76 Fed. Appx. 564, 2003 WL 22228457 (5th Cir., Sept. 29, 2003).

Exhaustion in this case has been raised by the defendants in the instant Motion for Summary Judgment. The plaintiff has not filed an opposition to the defendants' motion.

#### B.   **Louisiana's Adult Administrative Remedy Procedure**

The Louisiana Department of Corrections has a two step process Administrative Remedy Procedure ("ARP") which is set forth at La. Reg. § 28:857 (22 La. Admin. Code § I:325), which provides in relevant part as follows:

> G. Process
> 1. First Step (Time Limit 40 days)
> a. The inmate commences the process by writing a letter to the warden, in which he briefly sets out the basis for his claim, and the relief sought (refer to section on "Procedure-Initiation of Process" [Subsection F] for the requirements of the letter.) The inmate should make a copy of his letter of complaint and retain it for his own records. The original letter will become a part of the process, and will not be returned to the inmate. The institution is not responsible for furnishing the inmate with copies of his letter of complaint. This letter should be written to the warden within 30 days of an alleged event. (This requirement may be waived when circumstances warrant. The warden, or his designee, will use reasonable judgment in such matters.) The requests shall be screened by the ARP Screening Officer and a notice will be sent to the inmate advising that his request is being processed or is being rejected. The warden may assign another staff person to conduct further fact-finding and/or information gathering prior to rendering his response. The warden shall respond to the inmate within 40 days from the date the request is received at the First Step.
> b. For inmates wishing to continue to the Second Step, sufficient space will be allowed on the response to give a reason for requesting review at the next level. There is no need to rewrite the original letter of request as it will be available to all reviewers at each Step of the process.
> 2. Second Step (Time Limit 45 days)
> a. An inmate who is dissatisfied with the First Step response may appeal to the Secretary of the Department of Public Safety and Corrections by so indicating that he is not satisfied in the appropriate space on the response form and forwarding it to the ARP Screening Officer within 5 days of receipt of the decision. A final decision will be made by the Secretary and the inmate will be notified within 45 days of receipt. A copy of the Secretary's decision will be sent to the warden.
> b. If an inmate is not satisfied with the Second Step response, he may file suit in District Court. The inmate must furnish the administrative remedy procedure number on the court forms.

Having set forth the standards for exhaustion and the procedure Mayo was to follow at WCI, the Court will now consider the merits of the defendants' Motion for Summary Judgment.

**IV.     Analysis**

In the motion before the Court, the defendants allege that Mayo failed to file any administrative complaints with respect to his claims against the defendants. In support of the motion, the defendants offer the affidavit of Executive Staff Officer Lynn McCloud, who supervises the ARP process at WCI.[1] McCloud attests that Mayo has not initiated any Administrative Remedy Procedures in regards to the incident on June 21, 2005.

In his complaint, Mayo concedes that he did not utilize the ARP at WCI. In attempting to explain his failure, Mayo alleged that he "received injury and damage to lower jaw while security officer was present in the dorm. To attempt ARP Procedure would result in retaliation."[2] Mayo does not allege that a threat was made to him nor does he identify the officer he feared. In fact, this statement conflicts with the other allegations in his complaint in which he claims that the attack by the other inmates occurred because the security officer had left his post.[3]

Furthermore, Mayo has not shown that he was prevented from using the ARP. He alleges only an anticipatory fear that something might happen. However, for an inmate to establish retaliation, he must demonstrate the invocation of a specific constitutional right, the defendants' intent to retaliate against the plaintiff for his exercise of that right, a retaliatory adverse act, and causation, i.e., but for the retaliatory motive the complained of incident would not have occurred. *Clarke v. Stalder*, 121 F.3d 222, 231 (5th Cir. 1997).

---

[1] Rec. Doc. No. 6, Def. Exh. 2.

[2] Rec. Doc. No. 1, p. 3.

[3] Rec. Doc. No. 1, p. 4.

Mayo has not met any of these elements. Instead, he has only alleged in his complaint that he thought retaliation might occur. In *Woods v. Smith* the Fifth Circuit cautioned that "[c]laims of retaliation must therefore be regarded with skepticism . . . ." 60 F.3d 1161, 1166 (5th Cir. 1995)(citation and quotation omitted). These standards place a significant burden on the inmate to produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Id*. Mayo has not done so and cannot be excused from his failure to exhaust the ARP in connection with his claims.

Therefore, there exists no genuine issue of fact that Mayo has failed to exhaust administrative remedies at WCI as required by Title 42 U.S.C. § 1997e. The Court must dismiss Mayo's complaint as a matter of law for failure to exhaust administrative remedies. The defendants' Motion for Summary Judgment must therefore be granted.

**V.     Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment (Rec. Doc. No. 6) filed by the defendants, the Louisiana Department of Public Safety on behalf of WCI, the WCI medical department and the WCI security department, be **GRANTED**.

It is further **RECOMMENDED** that the Title 42 U.S.C. § 1983 complaint filed by Andre S. Mayo, Sr., be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies as required by Title 42 U.S.C. § 1997e(a).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ____23rd____ day of _____May_____, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**